**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-CV-00981-REB-OES

GREGORY B. BORGES,

    Plaintiff,

v.

TITAN INDEMNITY COMPANY,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before me is Defendant'S Motion for Partial Summary Judgment on Real Party in Interest (Assignment) Defense [#23], filed February 28, 2005. I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship). I grant the motion.[1]

In fashioning my ruling I have judicially noticed all adjudicative facts in the file and record of this action *pro tanto*. I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the parties in their respective briefs. I have employed the analysis required by apposite law. **See Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 250 (1986); **Celotex Corp. v.**

---

[1] The issues raised by and inherent to the motion for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *See* **Geear v. Boulder Cmty. Hosp.**, 844 F.2d 764, 766 (10th Cir.1988) (holding that the hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

*Catrett*, 477 U.S. 317, 325 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); *Redmon v. United States*, 934 F.2d 1151,1155 (10th Cir. 1991); and *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994).

Plaintiff, who is insured under a policy issued by defendant, was injured in an automobile accident. As a result of his injuries, plaintiff, who is a paraplegic, could not transfer his weight or perform other normal activities, and thus developed decubitus ulcers. On May 30, 2003, he was admitted to Swedish Medical Center in Denver, Colorado, for treatment of this condition. On admission, plaintiff signed a form document entitled "Conditions for Admission and HCA-HealthONE LLC Authorization for Medical Treatment," which included the following paragraph:

> 3. Assignment of Benefits
> This assignment of benefits allows the Hospital and/or hospital based physicians to be paid directly by my health insurance carrier or other health benefit plan for the services the Hospital and/or hospital based physicians provides to me, my minor child, or other person entitled to healthcare benefits for this admission. In return for the services rendered and to be rendered by the Hospital and/or hospital based [sic] physicians, I hereby irrevocably assign and transfer to the Hospital and/or hospital based physicians all right, title and interest in all benefits payable for the healthcare rendered, which are provided in any and all insurance policies and health benefit plans from which my dependants or I are entitled to recover. This assignment and transfer shall be for the purpose of granting the Hospital and/or hospital based physicians and [sic] independent right of recovery against my insurer or health benefit plan, but shall not be construed as an obligation of Hospital and/or hospital based physician to

> pursue any such right of recovery. In no event will the Hospital and/or hospital based physicians retain benefits in excess of the amount owed to the Hospital and/or hospital based physicians for the care and treatment rendered during this admission. I have read and been given the opportunity to ask questions about his assignment of benefits, and I have signed this document freely and without inducement, other than the rendition of services by the Hospital and/or hospital based physicians.

(Def. Motion App., Exh. B at A0136.) Defendant claims that under the terms of this assignment, Swedish Medical Center, and not plaintiff, is the real party in interest to bring any claim for benefits under the policy attributable to plaintiff's hospitalization in May, 2003. I agree.

Fed.R.Civ.P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Under Colorado law, an assignee of a claim is the real party in interest as to that claim. **Platte Valley Mortgage Corp. v. Bickett**, 916 P.2d 631, 633 (Colo. App. 1996). The language of the assignment plaintiff executed could not be clearer that it constitutes an assignment of all right in the benefits payable on account of his treatment at Swedish Medical Center. Other courts which have considered this issue have found that the hospital becomes the real party in interest by virtue of the assignment, which divests the insured of an independent right of recovery against the insurer. *See* **Allianz Life Insurance Co. of North America v. Riedl**, 444 S.,E.2d 736, 738 (Ga. 1994) (citing cases); **Gingold v. State Farm Insurance Co.**, 642 N.Y.S.2d 812, 813 (N.Y. Civ. Ct. 1996). I concur with these

decisions.[2]  Nor is my opinion altered by plaintiff's suggestion that he should not be bound by the assignment because he did not read it.  Both Colorado law, *see Berg v. State Board of Agriculture*, 919 P.2d 254, 260 (Colo. 1996), the language of the assignment itself squarely vitiate any such argument.

Fed.R.Civ.P. 56(c) provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The pleadings, discovery, and affidavits on file and of record demonstrate that no genuine issue as to any material fact exists vis-à-vis defendant's motion and that defendant is entitled to judgment as a matter of law on its motion for partial summary judgment.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Defendant'S Motion for Partial Summary Judgment on Real Party in Interest (Assignment) Defense [#23], filed February 28, 2005, is **GRANTED**;

(2) That pursuant to Fed.R.Civ.P. 17(a), plaintiff is afforded **ten (10) days** from the date of this order a) to seek ratification or joinder of Swedish Medical Center and b) to provide proof to the court of same; and

---

[2] Nothing in section §10-4-708.4, C.R.S., which permits the type of assignment at issue here, changes my opinion on this matter.

(3) That failing such proof, plaintiff's claim for breach of contract shall be **DISMISSED WITHOUT PREJUDICE** to the extent it seeks recovery of benefits assigned to Swedish Medical Center pursuant to the assignment of May 30, 2003.

Dated July 27, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge