**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-00981-REB-OES

GREGORY B. BORGES,

    Plaintiff,

v.

TITAN INDEMNITY COMPANY,

    Defendant.

## ORDER

**Blackburn, J.**

    The matters before me are (1) Defendant Titan Indemnity Company's [Amended] Motion for Partial Summary Judgment [#194], filed December 12, 2005; and (2) Titan Indemnity Company's [Amended] Motion to File Brief and Motion in Excess of Page Limitation [#193], filed December 12, 2005.  I strike the motion and its attendant brief for failure to comply with my Civil Practice Standards and deny the motion for excess pages as moot.

    Pursuant to my Civil Practice Standards, a motion for summary judgment may not exceed 20 pages in length, "includ[ing] the motion for summary judgment, cover page, jurisdictional statement, statement of facts, procedural history, argument, closing, signature block, and all other matters." REB Civ. Practice Standard V.H.3.a.  When a party files more than one summary judgment motion, these page limitations apply to all such motions filed by that party. *Id*.  Defendant previously filed a motion and brief for

summary judgment totaling nine pages.  (*See* Motion for Partial Summary Judgment on Real Party in Interest (Assignment) Defense [#23], filed February 28, 2005; Brief in Support of Motion for Partial Summary Judgment on Real Party in Interest (Assignment) Defense [#24], filed February 28, 2005. )  On December 2, 2005, defendant filed a second motion for summary judgment and brief in support.  (*See* Defendant Titan Indemnity Company's Motion for Partial Summary Judgment [#182], filed December 2, 2005; Defendant Titan Indemnity Company's Brief in Support of Its Motion for Partial Summary Judgment [#183], filed December 2, 2005.)  The motion and brief together totaled 20 pages.  I struck that motion, not because it exceeded the page limit, but for failure to comply with the requirement of my Practice Standards that motions for summary judgment be organized and presented in a specific format.  (*See* Minute Order [#192], filed December 6, 2005.)  *See* REB Civ. Practice Standard V.H.3.b.

Although defendant has now filed an amended motion for partial summary judgment purportedly in compliance with this requirement, its brief does not comply with my Civil Practice Standards.  The purpose of my formatting standards is to require parties to closely focus their written presentations on the crucial facts that either are shown by the evidence (if the movant has the burden of proof at trial) or which are lacking (if the movant does not have the burden of proof at trial).  In either case, the requirements I impose in this regard, if followed, generally allow parties to submit concise, well-honed briefs that come well within the 20-page limit.

Contrary to this requirement, defendant has done no more than simply refile its previous brief with the inclusion of a one-page outline citing the four requirements of

my Practice Standards and referring back in general, summary form to sections of its brief. This complies with neither the letter nor the spirit of the Practice Standard. The entire motion is to be organized in the manner prescribed by the Practice Standard. Defendant's brief comes nowhere near complying with this requirement and therefore will be stricken.

Although this resolution moots further consideration of defendant's renewed motion to exceed the page limitation, for the sake of streamlining the process, I will make defendant aware that the purported complexity of the issues presented by a case is rarely, if ever, considered good cause for an extension of the page limitations. If I were to put a penny in a jar each time a party sought to exceed my page limitations by arguing that the issues of the case were complex, and then remove a penny every time the issues actually turned out to be so, the jar would never be empty. Moreover, although in some cases it is difficult to judge the accuracy of such a claim prior to actually resolving the motion for summary judgment, in this case it appears highly unlikely that defendant's claim of complexity would withstand close scrutiny. Defendant is seeking partial summary judgment on a single claim involving legal issues that have been well-traversed by the courts. Its claim of legal complexity therefore rings hollow, especially given that it has made no real effort to comply with the formatting requirements of my Practice Standards.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Defendant Titan Indemnity Company's [Amended] Motion for Partial Summary Judgment [#194], filed December 12, 2005, and Defendant Titan Indemnity

Company's [Amended] Brief in Support of Its Motion for Partial Summary Judgment [#195], filed December 12, 2005, are **STRICKEN**;

 (2) That defendant shall have until **Monday, December 19, 2005**, to refile a motion for summary judgment which complies with my Civil Practice Standards; and

 (3) That Titan Indemnity Company's [Amended] Motion to File Brief and Motion in Excess of Page Limitation [#193], filed December 12, 2005, is **DENIED AS MOOT**.

Dated December 12, 2005, at Denver, Colorado.

           BY THE COURT:

           s/ Robert E. Blackburn
           Robert E. Blackburn
           United States District Judge